UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER BENSON,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 20-cv-212-JPG
Criminal No. 08-cr-30259-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Christopher Benton's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

**I. Background**

On February 26, 2009, Benson pled guilty to one count of possession of contraband—a weapon—by a federal inmate in violation of 18 U.S.C. § 1791(a)(2) and (b)(3), and the Court sentenced him to serve 37 months in prison consecutive to his undischarged sentence in another federal criminal case. It based this sentence in part on a finding that Benson was a career offender under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 based on a 2001 Michigan conviction for attempted delivery/manufacture of a controlled substance and a 2002 Michigan conviction for attempted possession with intent to deliver cocaine. Benson's career offender status established a base offense level of 17, which was reduced by three points under U.S.S.G. § 3E1.1(a) and (b) to 14 because he timely demonstrated acceptance of responsibility for his offense. Considering his criminal history category of VI, established by his career offender status, this yielded a sentencing range of 37 to 46 months in prison. Had Benson not been a career offender, his guideline sentencing range would have been lower. Benson's 37-month sentence was well below the 60-month statutory maximum sentence under 18 U.S.C.

§ 1791(b)(3).  Benson did not appeal his sentence.

In his February 2020 § 2255 motion, Benson suggests that he suffered a miscarriage of justice because the Court incorrectly found he was a career offender.  He believes a recent case decided by the Court of Appeals for the Sixth Circuit, *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), revealed that his two prior attempt convictions could not support career offender status.  *Havis*, a case decided on direct appeal, held that attempts did not qualify as predicate "controlled substance offenses" under U.S.S.G. § 4B1.2(b) because the guidelines did not say they did.  *Id.* at 386-87.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief.  The Court will therefore deny the motion.

**II.     Analysis**

    A.     Timeliness

As a preliminary matter, Benson's § 2255 motion is untimely.  Benson attempts to raise this claim beyond the one-year statute of limitations applicable to § 2255 motions set forth in 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

2

    Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The applicable one-year period for Benson is found in § 2255(f)(1); he has not asserted any governmental impediment to making a motion, any new right recognized by the Supreme Court, or any newly discovered evidence.

Under § 2255(f)(1), Benson's conviction became final on March 12, 2009. Where a petitioner does not appeal his criminal conviction, the conviction becomes final for § 2255 purposes when the time for filing a notice of appeal expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). In cases where the Government does not file a notice of appeal, the defendant's period for filing the notice of appeal expires fourteen days after judgment. Fed. R. App. P. 4(b)(1)(A)(i). Thus, Benson's conviction became final on March 12, 2009, fourteen days after the Court sentenced him on February 26, 2009. He had one year after that—up to March 12, 2010—to file this § 2255 motion. His February 2020 § 2255 motion was almost ten years too late.

  B. <u>Substantive Argument</u>

Even if Benson's motion had been timely, the Court would have rejected it. Relief under § 2255 is available if a defendant's sentence "was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law. . . ." 28 U.S.C. § 2255(a). "Relief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255

3

motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Benson argues that the Court misapplied the career offender guideline provisions and suggests that this misapplication resulted in a "miscarriage of justice." However, not every sentencing error can be corrected in a post-conviction proceeding, even if the error is not harmless. *Hanson v. United States*, 941 F.3d 874, 876 (7th Cir. 2019) (citing *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013)). As long as a defendant's sentence is within the statutory sentencing range, which Benson's is, sentencing guideline calculation errors under the advisory sentencing guidelines are nonconstitutional and are not reviewable in § 2255 proceedings. *Hawkins*, 706 F.3d at 823-24.

This case is distinguishable from *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011). *Narvaez* involved a *mandatory* guideline sentencing scheme, so the defendant's sentence arguably exceeded the "maximum authorized by law." *Id.* at 628-29. Benson, on the other hand, was sentenced under the *advisory* guideline scheme which relied on the Court's discretion in considering the advisory guideline range along with other sentencing factors in 18 U.S.C. § 3553(a).

Even if this issue had been cognizable in this proceeding, the Court would not grant Benson relief. In *United States v. Adams*, 934 F.3d 720, 729-30 (7th Cir. 2019), the Court of Appeals for the Seventh Circuit rejected the reasoning of *Havis* upon which Benson relies. Instead, it accepted that a sentencing guideline application note could reasonably interpret U.S.S.G. § 4B1.2 to include as a "controlled substance offense" conspiracy or attempt even though the guideline itself does not expressly refer to such a crime. *Id.* (citing *United States v.*

4

*Raupp*, 677 F.3d 756, 759 (7th Cir. 2012) (finding no conflict between U.S.S.G. § 4B1.2 and its Application Note 1 interpreting it to include inchoate offenses).

And finally, even if Benson had framed his argument as a constitutional question of ineffective assistance of counsel, the Court would reject it. Counsel is constitutionally ineffective where counsel's performance fell below objective standards for reasonably effective representation and where that deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). Benson's counsel was not deficient for failing to anticipate an argument that would not be successful until nearly a decade after Benson's sentencing, and not even then in the Seventh Circuit. It would further find Benson suffered no prejudice from counsel's performance because, in light of *Adams*, it is clear the argument had no reasonable chance of changing the outcome of the proceedings.

For all of the foregoing reasons, the Court will deny Benson's § 2255 motion.

**III.    Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003). The Court finds that

Benson has not made such a showing and, accordingly, declines to issue a certificate of appealability.

## IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Benson's § 2255 motion (Doc. 1), **DECLINES** to issue a certificate of appealability, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  May 11, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
